EDWARD WIEDERSPIEL, Respondent, v. ADIRONDACK TRANSIT LINES, INC., et al., Appellants, et al., Defendants.

MARTIN, P. J. (dissenting). This action was brought to recover damages for personal injuries sustained as a result of defendants' alleged negligence. A jury returned a verdict for the plaintiff, and the defendants have appealed from the judgment entered thereon.

On August 9, 1943, at Hague, New York, the plaintiff, intending to go to New York City, boarded a bus which was owned by the defendant Adirondack Transit Lines, Inc., and was operated by the defendant Ford Munson. When it arrived at Bolton Landing, New York, the driver called out "Buy your tickets for New York." The plaintiff left the bus and entered a drug store where he purchased his ticket. He claims he sustained an injury as he walked toward the bus and attempted to board it. The defendants contend he fell on the sidewalk, and deny that their vehicle was in any way involved in the accident.

The plaintiff testified that the bus stopped about two or two and one-half feet from the curb. When alighting he "sprang or jumped" from the bus "up to the curb". He claims that on his return he stepped off the curb and placed his right foot on the shoulder of the road and attempted to place his left foot on the step of the bus. His left foot "just tipped it, just reached it", then his "right foot gave way entirely." The plaintiff fell and sustained injuries.

It is the plaintiff's contention that the shoulder slanted from the curb to the road at a 45° angle and that the defendants negligently stopped the bus at a place where the underfooting was dangerous. The testimony of plaintiff's witness Frank L. Bisbee, who had charge of maintenance of State highways in Warren County and part of Essex County, disclosed that the ramp was twenty-six inches wide and six inches high at the curb. The slant of the shoulder from the curb to the road is, therefore, less than 22°, not 45° as testified by plaintiff. Mr. Bisbee said that the road and the shoulder were constructed by the State of New York two years before the accident. He stated the shoulder was made of mixed macadam, asphalt and stone, left rough with pebbles and stone protruding. He described the manner in which the road and shoulder were built and said it was standard construction in accordance with recognized engineering principles.

The defendant Ford Munson testified that the plaintiff fell on the sidewalk, and not on the shoulder of the road. He also stated that the plaintiff admitted, at the scene of the accident in the presence of a doctor and a police officer, that "he used to be a skater and had to give it up on account of a bad ankle." This defendant also testified that the bus door swung in a three foot arc when opening, and that the reason he stopped at a place four or more feet from the curb was to enable the door to clear the curb.

The defendants called a number of disinterested witnesses to testify to the manner in which the accident happened. Three were eyewitnesses to the fall. One testified: "I saw this man get off the bus, and go into the drug store and I saw him rushing out of the drug store, and I saw him coming towards the bus, and when he got, oh, I would say that far from the curb (indicating), I saw him slump down."

A second eyewitness gave the following testimony: "I saw this man hurrying out to get on the bus. As he did, I saw him slump to the right, and then onto his back. * * * he was on the walk, and I would say, oh, eight or ten inches from the curb."

Another witness to the fall said that the plaintiff was "walking fast" when "his legs buckled in on the sidewalk."

The foregoing disinterested witnesses testified that they saw the plaintiff fall on the sidewalk. They contradicted the plaintiff's version of the accident and his claim that he had stepped off the curb, placed one foot on the shoulder of the road and was attempting to board the bus when injured.

In addition, several other disinterested witnesses testified that they saw the plaintiff immediately after the accident and that he was on the sidewalk. The eyewitness had testified the plaintiff was not moved from the place where he fell until he had been treated by a doctor who bandaged his leg. One of the witnesses was the local police officer at Bolton Landing. He testified that in his presence and in the presence of the defendant Munson, the plaintiff told the doctor bandaging his leg that his ankle was weak and he had to give up skating.

All the evidence indicates that this accident occurred through no negligence of the defendants. The road and the shoulder thereof were constructed by the State of New York in accordance with recognized engineering principles. Testimony to that effect was given by a State official who was a witness for the plaintiff.

Another factor of great importance is that the physical facts indicate that the bus was stopped more than two to two and one-half feet from the curb, as testified to by the plaintiff. The uncontradicted testimony of the bus driver was that the door of the bus opened in a three foot arc; that an approach within less than three feet of the curb would cause the door to strike the curb; that if the door did open (because the curb was lower) when passengers boarded the vehicle their weight, lowering the bus and its door, would cause the door to "freeze" to the curb or sidewalk. For this reason the bus at all times was stopped four or more feet from the curb.

The overwhelming weight of the credible testimony indicates that the plaintiff fell on the sidewalk because of his own negligence and not on the shoulder of the road. In any event, no actionable negligence on the part of the defendants was established by the plaintiff.

The judgment, so far as appealed from, should be reversed and the complaint dismissed.

Townley, Cohn, Callahan and Wasservogel, JJ., concur in decision; Martin, P. J., dissents in opinion.

Judgment, so far as appealed from, affirmed, with costs. No opinion.